**IT IS ORDERED as set forth below:**

**Date: February 21, 2018**



_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-62572-WLH |
| JAMES EDWARD STUBENBORDT, | : | CHAPTER 7 |
| Debtor. | : | |
| VINCE MITCHELL, | : | |
| Plaintiff, | : | ADVERSARY PROCEEDING NO: 17-05256-WLH |
| v. | : | |
| JAMES EDWARD STUBENBORDT, | : | |
| Defendant. | : | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter came before the Court on James Stubenbordt's ("Defendant") Motion to Dismiss for Failure to State a Claim and Motion for a More Definite Statement ("Motion") [Docket No. 4].

1

**FACTUAL BACKGROUND**

On October 13, 2017, Vince Mitchell ("Plaintiff"), *pro se*, initiated this adversary proceeding by filing a complaint ("Complaint"), alleging that Defendant fraudulently hid assets from his bankruptcy estate. Plaintiff also requested that the Court exempt his claims for unpaid wages and business loans from Defendant's bankruptcy discharge. Defendant filed the Motion in response, arguing that the Court should dismiss Plaintiff's Complaint because it failed to meet the statutory requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure. If the Complaint was not dismissed, Defendant asked the Court to direct Plaintiff to amend the Complaint to provide a more definite statement.

On November 7, 2017, a newly-hired counsel for Plaintiff filed an Answer to Defendant's Motion [Docket No. 5] and an amended complaint ("Amended Complaint") [Docket No. 6]. The Amended Complaint i) seeks a determination that all of Plaintiff's claims are non-dischargeable under 11 U.S.C. § 523(a)(2); ii) seeks a determination that all of Plaintiff's claims are also non-dischargeable under 11 U.S.C. § 523(a)(4); iii) objects to Debtor's discharge under 11 U.S.C. §§ 727(a)(2), (3), and (4); and iv) seeks a determination that Defendant is liable to Plaintiff for damages resulting from Defendant's tortious interference with business relations. Defendant filed an Answer to Plaintiff's Amended Complaint [Docket No. 7], denying all material allegations set forth by Plaintiff. As a defense, Defendant plead that Plaintiff failed to state a claim, has unclean hands, and is barred by the statute of limitations.

**LEGAL ANALYSIS**

In the context of a motion to dismiss, the Court must construe all of the allegations in the complaint as true and view the assertions "in the light most favorable to the plaintiff." Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no need for "detailed factual allegations," but the complaint must provide the grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

When a complaint alleges fraud, Federal Rule of Civil Procedure 9(b) requires that a party state with "particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Eleventh Circuit explained the requirements to satisfy Rule 9(b):

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

FIA Card Servs, N.A. v. Morrow (In re Morrow), 488 B.R. 471, 476 (Bankr. N.D. Ga. 2012) (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (citation omitted)).

However, a plaintiff may amend his complaint as a matter of right within 21 days after a motion filed under Rule 12(b) is served. See Fed. R. Civ. P. 15(a)(1). Here, the Amended Complaint is timely filed. Defendant has not filed a subsequent motion to dismiss the Amended Complaint, but rather filed an Answer to it.  "Under the Federal Rules, an amended complaint supersedes the original complaint." Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982). When Plaintiff filed his Amended Complaint, the previously filed Complaint "was supplanted and divested of any legal effect." Azkour v. Haouzi, 2012 WL 2125951, at *2 (S.D.N.Y. June 12, 2012); see Carbiener v. Lender Processing Servs., Inc., 2014 WL 12616966, at *4 (M.D. Fla. Sept. 29, 2014). When a defendant's motion is premised upon an original or previously filed complaint, the motion becomes moot when the plaintiff files a newly amended complaint. See Renal Treatment Centers--Mid-Atl., Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009). Thus, Defendant's Motion is moot.

**CONCLUSION**

Defendant's Motion to Dismiss Plaintiff's claims and Motion for a More Definite Statement is therefore **DENIED as moot**.

The clerk is directed to serve a copy of this Order on Plaintiff, Plaintiff's counsel, Defendant, and Defendant's counsel.

**END OF DOCUMENT**

**DISTRIBUTION LIST**

Vince Mitchell
1549 Heartland Path
Hoschton, GA 30548

Keith Logue
3423 Weymouth Court
Marietta, GA 30062

James Edward Stubenbordt
5123 Winter Haven Walk
Buford, GA 30518

Kevin J. Pratt
3461-D Lawrenceville Suwanee Rd.
Suwanee, GA 30024